| | |
|---|---|
| XAVIER BECERRA, State Bar No. 118517<br>Attorney General of California<br>JON S. ALLIN, State Bar No. 155069<br>Supervising Deputy Attorney General<br>ROBERT M. PERKINS, III, State Bar No. 309192<br>Deputy Attorney General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-6144<br>  Fax: (916) 324-5205<br>  E-mail: Robert.Perkins@doj.ca.gov<br>*Attorneys for Defendants*<br>*Chris Rodriguez and Harvey Casillas*<br><br>Glenn Katon (SBN 281841)<br>KATON.LAW<br>385 Grand Avenue, Suite 200<br>Oakland, CA 94610<br>gkaton@katon.law<br>Phone: 510-463-3350<br>Fax: 510-463-3349<br><br>Michael T. Risher (SBN 191627)<br>Law Office of Michael T. Risher<br>2081 Center St. #154<br>Berkeley CA 94702<br>michael@risherlaw.com<br>Phone: (510) 689-1657<br>Fax: (510) 225-0941<br><br>*Attorneys for Plaintiff Corey Hughes* | **P O R T E R  \|  S C O T T**<br>A PROFESSIONAL CORPORATION<br>Carl L. Fessenden, SBN 161494<br>Megan E. Nevin, SBN 304122<br>350 University Ave., Suite 200<br>Sacramento, California 95825<br>TEL: 916.929.1481<br>FAX: 916.927.3706<br>*Attorneys for Defendant Richard Garcia*<br><br>John M. Luebberke, City Attorney<br>State Bar No. 164893<br>Jamil Ghannam, Deputy City Attorney<br>State Bar No. 300730<br>425 N. El Dorado Street, 2nd Floor<br>Stockton, CA 95202<br>Telephone: (209) 937-8333<br>Facsimile: (209) 937-8898<br>Attorneys for Defendants<br>*Attorneys for Michael Rodriguez, Kathryn Abdallah, Robert Molthen and Robert Wong* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **COREY HUGHES,**<br><br>                Plaintiff,<br><br>  v.<br><br>**CITY OF STOCKTON, et al.,**<br><br>                Defendants. | No. 2:18-cv-03188-JAM-DB<br><br>**STIPULATED PROTECTIVE ORDER** |

{02106119.DOCX}                              1

**IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:**

In the course of this litigation, the parties have propounded written discovery requests seeking information that implicates certain privacy interests that will be adversely affected if these documents and other materials are disclosed to the general public. The parties stipulate that there is good cause for the court to issue an order to protect a party or person from annoyance, embarrassment, or oppression under Federal Rule of Civil Procedure 26(c) and Eastern District Local Rule 141.1(c) for the following reasons.

Plaintiff maintains that an order is necessary prohibiting the parties from using the following categories of information for any purpose other than that which is necessary to litigate this matter:

1. All medical records obtained by the parties and designated as private, whether produced by the parties or obtained from third parties, shall not be used outside of this litigation or made public except in filings with the Court. There is good cause to protect this particular information under Rule 26(c) and Local Rule 141.1(c)(2) because of the "inherently private" nature of medical records. *Fischer v. City of Portland*, No. CV 02-1728, 2003 WL 23537981, at *4 (D. Or. Aug. 22, 2003) (Plaintiff "has made a *prima facie* showing that her medical and psychological records deserve some level of pretrial protection from unlimited public disclosure. By their very nature, records of medical and psychological treatment are inherently private, if not wholly privileged."); *see, e.g, Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("[C]ourts have consistently granted protective orders that prevent disclosure of … medical … records…."); *Johnson v. Fed. Bureau of Prisons*, No. 16CV3919AMDCLP, 2017 WL 5197143, at *2 (E.D.N.Y. Nov. 9, 2017) ("[F]ederal courts routinely issue protective orders to ensure the confidentiality of medical records. That is so even in proceedings such as this, where the plaintiff has put his medical condition at issue."); *Thomas v. Douglas*, No. CV148013FMOAGRX, 2015 WL 13763646, at *2 (C.D. Cal. Sept. 17, 2015) ("[M]edical records are precisely the type of documents that are routinely entitled to protection under protective orders"); *Allstate Ins. Co. v. Levesque*, 263 F.R.D. 663, 670 (M.D.

Fla. 2010); *Boyd v. City & Cty. of San Francisco*, No. C-04-5459 MMC(JCS), 2006 WL 1390423, at *6 (N.D. Cal. May 18, 2006); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002).

2. All criminal-history information regarding plaintiff designated as private, whether produced by the parties or obtained from third parties, shall not be used outside of this litigation or made public except in filings with the Court. There is good cause to protect this particular information under Rule 26(c) and Local Rule 141.1(c)(2) because of the interest, recognized under both State and federal law, in protecting this information from public scrutiny. *See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 780 (1989) (The "privacy interest in maintaining the practical obscurity of rap-sheet information will always be high."); Cal. Penal Code §§ 11105 et seq., 13300 *et seq.* (protecting the confidentiality of summary criminal-history information).

Defendants maintain that an order is necessary prohibiting the parties from using the following categories of information for any purpose other than that which is necessary to litigate this matter:

Defendants, who are peace officers employed by the Stockton Police Department, the San Joaquin County Sheriff's Office, and the California Department of Corrections and Rehabilitation's Fugitive Apprehension Task Force, anticipate that Plaintiffs' discovery requests will necessarily include portions of personnel records for the peace officers involved in the arrest of Plaintiff, training records for these officers, disciplinary records and other materials related to Defendants' job performance, records of citizen complaints, and confidential training materials for use-of-force policies and arrest techniques. Defendants maintain that personnel records are treated as confidential under California State Law. *See* Cal. Penal Code § 832.7(a); Cal. Evid. Code §§ 1040. A protective order is necessary for personnel records because these records contain private information concerning a peace officer's personal data, including, in some cases, the officer's family members, home addresses, medical history, employee benefits, and appraisal of the officer's performance or discipline. Disclosure of that information is considered a violation of the officer's privacy under state law. *See* Cal. Penal Code § 832.8. Records of complaints

{02106119.DOCX}  3

against officers are also considered records of personal information under California's Information Practices Act. *See* Cal. Civil Code § 1798, *et. seq.* Defendants maintain that an order is necessary prohibiting the parties from using the above categories of information for any purpose other than that which is necessary to litigate this matter. Because litigation is conducted in public, these materials could be reviewed and obtained by any member of the general public, which, in turn, could jeopardize the safety of the officer or any member of the officer's family. Accordingly, as peace officers who participated in the arrest of plaintiff, this material should not be disclosed to the general public. Secondly, a protective order is necessary to protect training materials, use-of-force policies and arrest and apprehension policies. These materials are kept confidential for reasons related to peace officer safety so that fleeing felons and arrestees do not learn how officers are trained to use force and how officers conduct covert surveillance. Divulgement of these materials to the general public on the court's docket would undermine legitimate law enforcement efforts to conduct safe use-of-force techniques to initiate arrests and apprehend fleeing felons. This material would also likely be protected under the official information privilege as articulated in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); however, the parties agree and stipulate that a narrowly drawn protective order, restricting disclosure of these materials to the attorneys for the parties, is the appropriate procedure for disclosing these categories of information. Under *Kelly*, such a protective order, rather than a private agreement, is necessary to adequately protect these interests, while allowing the parties the opportunity to engage in discovery of information proportional to the claims and defenses in this matter.

**CONDITIONS FOR DISCLOSURE**

1. The provisions of this Protective Order apply to the personal information and security information designated by the parties as either "PRIVATE" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

a. The designation of "PRIVATE" is intended to encompass documents or materials of any kind of nature that the parties, in good faith, believe to be comprised of information that would not ordinarily be disclosed or disseminated to third parties for any purpose other than that which

is necessary to conduct this litigation.  Materials designated as PRIVATE includes Plaintiff's medical records and criminal history information, and, while these materials will be exchanged by the parties during discovery, the parties agree that materials designated as PRIVATE will not be used for any purpose other than that which is necessary to litigate this matter, including providing these materials to expert witnesses retained in the course of this matter, or providing them to percipient witnesses.  Nothing in this order prohibits the parties from filing materials designated as PRIVATE with the Court or requires or justifies the sealing of any materials. *See* Local Rule 141.1(e).

      b.    Any party may also designate their discovery materials and information provided in this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when Defendants have a good faith belief that such materials and information are particularly sensitive and therefore require the utmost level of protection.  This designation will only be used when the material, if shared, could jeopardize the safety and security of the San Joaquin County Sheriff's Office, the Stockton Police Department, and the California Department of Corrections and Rehabilitation's Fugitive Apprehension Team, and their employees.

    2.    The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

      a.    In the case of documents, exhibits, or briefs filed with the court or other materials, excluding depositions or other pretrial and trial testimony, the designating party shall clearly designate the document as either "PRIVATE" or "CONFIDENTIAL — ATTORNEYS EYES ONLY" to the first page and each page containing any information or material necessitating that designation.  If the document in question was produced in native format, the designating party shall designate the document by physically labeling the outside of any media storing the electronic documents.

      b.    In the case of depositions or other pretrial testimony: by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated hereunder.  The parties may modify this procedure for any

particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation.

  c. The designation shall be made (i) at the time such materials are disclosed; or (ii) as soon thereafter as Defendants or CDCR becomes aware of the inadvertent production without a "Confidential" designation.

 3. Information or materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, or copies or extracts and compilations from, may be disclosed, described, characterized, or communicated in any way only to the following persons:

  a. Counsel for record for Plaintiffs in this action;

  b. The attorney(s) of record for Defendants;

  c. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff, and Defendants who are necessary to aid counsel for Plaintiff and Defendants in the litigation of this matter;

  d. Court personnel and stenographic reporters engaged in such proceedings are incidental to the preparation for the trial in this action; and

  e. Experts retained by counsel.

 4. None of the material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shown to, discussed with, or disclosed in any other manner to Plaintiff, any other inmate or former inmate, any parolee or former parolee, or any other person who is not a current or former employee of the San Joaquin County Sheriff's Office, the Stockton Police Department, or the California Department of Corrections and Rehabilitation, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for the agency that maintains possession and control over the original confidential material.

 5. No person who has access to any CONFIDENTIAL—ATTORNEYS' EYES ONLY material as set forth above shall copy any portion of the material, except as necessary to provide a copy of the material to any other authorized individual listed in paragraph 3, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access

the confidential material before providing that individual with access to the material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants may request a copy of such record at any time to determine compliance with the Court's order.

6. Counsel for Plaintiff will meet and confer with counsel for the agency that designated material Attorneys' Eyes Only before addressing such material in open court. If the parties cannot reach agreement they shall, to the extent practicable, raise the issue with the court by motion in advance or, if necessary, seek leave to address the matter with the Court *in camera*.

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiffs shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendants. When Plaintiff's counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to material to which they would have access in the normal course of their official duties.

9. If a party believes that a producing party's designation of information as "PRIVATE" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is not warranted, the party shall first make a good faith effort to resolve such a dispute with opposing party. In the event that the parties cannot resolve such a dispute, either party may challenge that designation by making an application to the Court in accordance with the Magistrate Judge's Standing Orders, the Local Rules of the United States District Court for the Eastern District of California, and the Federal Rules of Civil Procedure.

10. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents;

    (c) To object to a discovery request.

  11. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

  12. This order affects the rights and duties of a party only with respect to records and information that the party obtained through formal or informal discovery as part of this litigation, not to records or information that the party possessed before this litigation or obtained independently from this litigation.

  13. The provisions of this order shall remain in effect until further order of this Court. The Court will provide all parties with an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO STIPULATED.**

November 7, 2019

/S/XAVIER BECERRA (authorized 10.22.19)
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

/s/ Megan E. Nevin
Megan E. Nevin
*Attorney for Defendant Richard Garcia*

/s/ Robert M. Perkins, III (authorized 10.22.19)
ROBERT M. PERKINS, III
Deputy Attorney General
*Attorney for Defendants Casillas and Rodriguez*

/s/ Jamil R. Ghannam (authorized 10.22.19)
Jamil R. Ghannam
*Attorney for Defendants Michael Rodriguez, Kathryn Abdallah, Robert Molthen and Robert Wong*

/s/ Glenn Katon (authorized 10.22.19)
Glenn Katon
*Attorney for Plaintiff Corey Hughes*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

 IT IS FURTHER ORDERED THAT:

 1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

 2. The designation of documents (including transcripts of testimony) as confidential

pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

////

////

////

{02106119.DOCX}　　　　　　　　　　　　　　　9

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: November 8, 2019

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE